**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD C. THOMAS, individually, and on behalf of all others similarly situated,<br><br>              Plaintiff,<br>   vs.<br><br>CITY NATIONAL BANK, a National Association,<br><br>              Defendant. | Case No.: 2:11-cv-01758-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss filed by Defendant City National Bank ("Defendant"). (ECF No. 8.) Plaintiff Donald C. Thomas ("Plaintiff") filed a Response (ECF NO. 16), and Defendant filed a Reply (ECF NO. 19).

**I.     BACKGROUND**

This case arises out of Defendant's alleged violation of the Electronic Fund Transfer Act ("EFTA"). (Compl., ECF No. 1.) The EFTA "establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services." 12 C.F.R. § 205.1(b). (Compl., ECF No. 1, 2:20-21.) As part of this regulatory regime, the EFTA requires that ATM operators provide notice to consumers that the ATM operator may impose fees for the use of the ATM. 15 U.S.C. § 1693b(d)(3)(A). (Compl., ECF No. 1, 2:23-26.) To this end, the statute requires that such notice appear "on or at the automated teller machine" and "on the screen of the automated teller machine, or on a paper notice issued from such machine . . . ." 15 U.S.C. § 1693b(d)(3)(B). Plaintiff filed his complaint alleging that, when he used Defendant's ATM, the required notice was absent resulting in the imposition of an improper fee. (Compl., ECF No. 1, 7:24-25.)

Specifically, Plaintiff claims that, on August 20, 2011, he used Defendant's ATM, located at Defendant's bank branch at 4310 W. Cheyenne Avenue, North Las Vegas, Nevada 89032. (Compl., ECF No. 1, 7:16-18.) Plaintiff further alleges that Defendant had failed to post the required notice that Defendant may impose a fee for using the ATM. (*Id.* at 7:1-2.) As a result of this failure, Plaintiff claims that Defendant improperly imposed a fee on his use of this ATM. (*Id.* at 7:2-3.) Plaintiff also asserts that he is only one of the "hundreds or thousands of consumers" that have been adversely affected by Defendant's failure to post the required notice. (*Id.* at 7:4-6.)

In response to Plaintiff's complaint, Defendant filed this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's complaint fails to state a claim for which relief can be granted.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give a defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Courts, however, are not required to accept as true, allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

### III. DISCUSSION

Defendant supports its Motion to Dismiss by arguing that Plaintiff cannot state a claim because Defendant has complied with the requirements of EFTA. (Mot. To Dismiss, ECF No. 8, 5-7.)  Alternatively, Defendant argues that it should prevail because the EFTA includes a "safe harbor provision" that absolves the Defendant from liability. (*Id.* at 7-8.)  For the reasons set forth below, both arguments fail and Defendant's Motion to Dismiss is denied.

**A. Plaintiff's complaint contains sufficient facts to establish that Defendant's violation of the EFTA is plausible.**

In his complaint, Plaintiff alleges that Defendant violated § 1693b(d) when it failed to provide notice to consumers that a fee would or may be charged for the use of the ATM. (Compl., ECF No. 1.)  Therefore, Plaintiff asserts, Defendant is liable for damages. (*Id.*) Although the Ninth Circuit has not explicitly enunciated any threshold requirements before a plaintiff may state a claim under the EFTA, the Seventh Circuit requires plaintiffs to show three elements to successfully plead a violation of the EFTA. *See Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1328 (7th Cir. 1997).  Specifically, a complaint must provide facts showing "(1) a transfer of funds; (2) initiation of the transfer by electronic means; and (3) a debit or credit to a consumer account." *Piontek v. Penn Sec. Bank & Trust Co.*, No. 3:10-cv-1038, 2011 WL 1002194, at *3 (M.D. Pa. Jan. 31, 2011) (citing *Bass*, 111 F.3d at 1328). As part of the EFTA, § 1693b(d) requires that, if an ATM could impose a fee on a user, that ATM must bear a notice stating (1) that a fee will or may be imposed and (2) the amount of the fee. 15 U.S.C. § 1693b(d)(3)(A).  The statute further requires that such notice must be "posted in a prominent and conspicuous location on or at" the ATM and must "appear on the screen of the automated teller machine, or on a paper notice issued from such machine . . . ." 15

U.S.C. § 1693b(d)(3)(B).

Even if Plaintiff was required to allege facts to satisfy the threshold showing, Plaintiff has met this burden. Indeed, he alleged that "[o]n or about August 20, 2011, Plaintiff used Defendant's ATM . . . in order to conduct an electronic funds transfer." (Compl., ECF No. 1.) Plaintiff further alleges that, in connection with his electronic funds transfer, Plaintiff was "assessed a $3.00 ATM surcharge fee." (*Id.*) Thus, Plaintiff has alleged facts showing "(1) a transfer of funds; (2) initiation of the transfer by electronic means; and (3) a debit or credit to a consumer account." Moreover, Plaintiff's complaint alleges sufficient facts establishing that a violation of § 1693b(d) is plausible. Specifically, Plaintiff's allegations that such a notice was absent and that his use of the ATM resulted in a $3.00 surcharge, are sufficient to establish a prima facie violation of § 1693b. Accordingly, when taking the allegations in the complaint as true, Plaintiff has alleged sufficient facts to survive Defendant's Rule 12(b)(6) Motion to Dismiss.

> **A. Defendant's attempt to rely on the "safe harbor provision" of 15 U.S.C. § 1693h(d) fails because proving the elements of this provision requires facts and evidence outside the complaint.**

The EFTA explicitly recognizes that many ATMs are in public places and are accessible 24-hours each day. For this reason, Congress included a "safe harbor provision" for those financial institutions and ATM operators that post the required notice, when that notice is subsequently removed by a third-party. 15 U.S.C. § 1693h(d). Specifically, § 1693h(d) provides an "[e]xception for damaged notices":

> If the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

15 U.S.C. § 1693h(d).  Thus, to avoid liability under this provision, ATM operators must prove that (1) the notice was removed, damaged, or altered and (2) that removal, damage, or alteration was done by someone other than the ATM operator or any of its agents. 15 U.S.C. § 1693h(d).  Determining whether these elements are present requires the resolution of questions of fact and such determination is inappropriate at the motion to dismiss stage.  *See e.g.*, *Drager v. Bridgeview Bank*, 2011 WL 2415244, at *8 (N.D. Ill. June 13, 2011) (determining that the applicability of § 1693h(d) could not be determined in a Rule 12(c) motion for judgment on the pleadings because "unresolved questions of fact preclude[d] judgment in [the ATM operator's] favor at th[at] time").  For example, in *Drager*, the Northern District of Illinois noted that "discovery may reveal that a rogue [] employee removed the notice . . . . [o]r that [the ATM operator] was responsible for the fact that the required notice fell off the machine (and thus not entitled to the safe harbor), due to inadequacies in the method that [the ATM operator] used to attach the notice to the machine." 2011 WL 2415244, at *8.

Motions to Dismiss under Rule 12(b)(6) must rely on defects and inadequacies apparent in the pleadings.  To establish the existence of the two elements of the safe harbor provision of § 1693h(d), Defendant must resolve questions of fact that surround the removal of the notice from its ATM machine.  Because these remaining questions require a factual finding, the applicability of § 1693h(d) cannot be resolved by relying solely on the pleadings and, therefore, Defendant's Motion to Dismiss must be denied.

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **DENIED.**

**DATED** this 21st day of September, 2012.

_____
Gloria M. Navarro
United States District Judge